380

## THE ST. NICHOLAS.
### No. 17274.

District Court, E. D. New York.
June 5, 1946.

Crowell & Rouse, of New York City (George Varian and E. Curtis Rouse, both of New York City, of counsel), for libellant.

Hagen & Eidenbach, of New York City (Charles W. Hagen and Nelson J. Johnson, both of New York City, of counsel), for respondent.

INCH, District Judge.

In this admiralty suit the libellant, Todd Shipyards Corporation, seeks to enforce an alleged maritime lien on a derrick lighter owned by the respondent, Lee & Simmons, Inc., for repairs made between the 15th day of October 1943 and the 1st day of December 1943 in an amount approximating $7000. The facts are not seriously disputed.

For brevity's sake I shall hereafter refer to Todd Shipyards Corporation as Todd and to Lee & Simmons, Inc., as Lee.

In April 1943, Todd chartered the derrick lighter from Lee and this charter lasted until September 12, 1943 whereupon Todd repaired some damage that the lighter had received during the charter period, not due to wear and tear, and duly returned the lighter to Lee. On September 28, 1943, the lighter was again chartered by Todd and has remained under such charter up to the present time.

The pleadings confine the issue to whether or not libellant has a maritime lien, based on an alleged contract for work, labor and services between Todd and Lee. This narrow issue is mentioned for the reason that in the background is this charter by Todd from Lee of the derrick lighter, St. Nicholas, which was damaged while under this charter, requiring the repairs made which are now made the basis for the alleged lien and which damage was not ordinary wear and tear.

Whether negligence caused this damage to the lighter and who was negligent does not appear nor could such issue appear without additional amendment of the pleadings. Both the counsel for claimant, and the Court, gave every opportunity to libellant to allow such amendment and make such proof available, but apparently it was not desired by libellant for the reason that libellant solely relied on the existence of the said alleged independent contract on which the lien is based.

Accordingly, at the outset, the decision of this single issue before the Court does not in any way indicate a decision on such other questions as might otherwise properly have entered into the controversy.

In a way, however, the circumstances of the charter, the damage, the duty to return, does have some bearing, if doubt otherwise existed, as to the existence of a promise by Lee to pay Todd for such repairs. Todd, as such charterer, was not an insurer of the lighter and would be liable only for its own negligence. How-

ever, in the absence of any explanation by Todd as to how the lighter was damaged, an inference would arise in favor of Lee, which might at least indicate that the damage was caused by Todd's negligence. Certainly, if this is so, Lee would not be expected to agree to pay Todd for such damages caused by Todd's own negligence.

There is certain correspondence, and a reference to prior dealings, between the parties which might also indicate a position of this sort by Lee but as libellant did not see fit to make possible a trial of such issue, same cannot here be determined and the above is only mentioned for the reason that some argument seems to be based by Lee on the duty of a charterer to return a boat in the same condition as received, wear and tear excepted.

We return therefore to the sole issue before the Court as to the existence of this independent contract. This can be readily disposed of.

■ Entirely aside from any inference otherwise arising in the absence of any explanation that the damage was caused by Todd's negligence, the libellant has failed to prove by a fair preponderance of evidence any agreement on the part of Lee to pay for these damages which were repaired by Todd, the lighter continuing to remain under charter in the custody of Todd, the charterer. Nowhere is there any proof that Todd offered to or did return the lighter for breach of the alleged contract.

The survey that took place appears to have been nothing unusual or more than the ordinary survey, and notice was sent by Todd and not by the owner Lee. Any repairs as were occasioned by ordinary wear and tear were thereafter separately billed by Todd and paid by Lee. The witnesses who are claimed by Todd to have had authority to bind Lee, in the circumstances and for such a large item of repairs, have not been shown to have had any such authority, nor is there any proof that any such action by its subordinates was thereafter duly ratified or approved by Lee. On the contrary, the credible proof, while it may indicate an attempt by Todd to fasten this debt on Lee, is not sufficient for the Court to find an independent binding contract on the part of Lee, the owner of the lighter, to pay Todd, the charterer of the lighter, in complete absence of what caused such damage and who was responsible for such a large repair bill.

■ I do not, in the circumstances, consider liability arose simply because a demand for payment or a bill therefor, was sent to Lee by Todd and remained unanswered or denied.

In my opinion, therefore, the sole issue submitted to the Court must be decided in favor of the claimant-respondent and the libel must be and is dismissed.

Submit findings of fact and conclusions of law.